UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| PATRICIA S. COURTRIGHT, | : Case No. 05-21672REF |
| *Debtor* | : Ch. 7 |
| ---------------------------------------------- | |
| JOHN H. DORAN, ESQUIRE, *Trustee in* | : |
| *Bankruptcy for Advanced Electronics, Inc.,* | : |
| *Plaintiff* | : |
| *v.* | : Adv. No. 05-2090 |
| PATRICIA S. COURTRIGHT, | : |
| *Defendant* | : |

| | |
|---|---|
| In re: | : |
| PHILIP ALAN COURTRIGHT, | : Case No. 05-21738REF |
| *Debtor* | : Ch. 7 |
| ---------------------------------------------- | |
| JOHN H. DORAN, ESQUIRE, *Trustee in* | : |
| *Bankruptcy for Advanced Electronics, Inc.,* | : |
| *Plaintiff* | : |
| *v.* | : Adv. No. 06-2010 |
| PHILIP ALAN COURTRIGHT, | : |
| *Defendant* | : |

| | |
|---|---|
| In re: | : |
| PHILIP ALAN COURTRIGHT, | : Case No. 05-21738REF |
| *Debtor* | : Ch. 7 |
| ---------------------------------------------- | |
| JOHN H. DORAN, ESQUIRE, *Trustee of* | : |
| *Advanced Electronics, Inc.,* | : |
| *Plaintiff* | : |
| *v.* | : Adv. No. 06-2011 |
| PHILIP ALAN COURTRIGHT, | : |
| *Defendant* | : |

M E M O R A N D U M   O P I N I O N

Plaintiff, the Chapter 11 Trustee of Advanced Electronics, Inc. ("Advanced Electronics")(Case No. 05-21738REF), filed the complaints in these adversary proceedings seeking a determination that the debt owed to Advanced Electronics by Defendants is nondischargeable under 11 U.S.C. §523(a)(2), (4), and (6). The debt in issue was the subject of a judgment entered on July 29, 1996, by the Honorable Robert J. Woodside ("Judge Woodside"),

in an adversary proceeding docketed in the United States Bankruptcy Court for the Middle District of Pennsylvania to No. 1-93-00362 (the "Judgment"). The Judgment was entered against Defendants and in favor of Plaintiff in the total amount of $1,430,231.66, based on claims of breach of fiduciary duty, conversion and fraud. The Judgment included an award of punitive damages in the amount of $580,098.75. Judge Woodside's July 29, 1996 decision was affirmed by the United States District Court for the Middle District of Pennsylvania on October 17, 1997, and by the United States Court of Appeals for the Third Circuit on June 29, 1999.

Plaintiff filed the extant motions for summary judgment, arguing that the issues concerning Defendants' breach of fiduciary duty, conversion of the assets of Advanced Electronics, and fraudulent and outrageous conduct were actually litigated and determined in the final judgment entered by Judge Woodside on July 29, 1996, and that the issues determined by Judge Woodside are identical to the issues presented in this adversary proceeding. Plaintiff therefore maintains that the doctrine of issue preclusion (formerly known as collateral estoppel) precludes Defendants from relitigating these issues in these adversary proceedings. For the reasons that follow, I agree that Defendants are precluded from relitigating the issues involved in these Section 523(a)(2), (4), and (6) causes of action and that Plaintiff is entitled to judgment as a matter of law. I will therefore grant Plaintiff's motions for summary judgment and deny Defendants' cross-motions for summary judgment in an appropriate Order to follow.

A motion for summary judgment is governed by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56, which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056. Summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c). The party moving for summary judgment must overcome the initial burden of demonstrating the absence of a material question of fact. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986). The substantive law will determine which facts are material. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue for trial exists. <u>Id</u>. at 255. A court must find that the movant alleges facts that, if proven at trial, would require a directed verdict. 6 J. Moore, <u>Moore's Federal Practice</u>, ¶ 56.26 (2d ed.1988). The respondent, on the other hand, "must set forth specific facts showing there is a genuine issue for trial," and may not "rest upon the mere allegations or denials of the pleading." Fed. R. Civ. P. 56(e). If the respondent's evidence "is merely colorable, or is not significantly probative, summary judgement may be granted." <u>Anderson</u>, 477 U.S. at 250. The absence of a genuine issue for trial is evident if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. <u>Mashusita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

As stated earlier, Plaintiff bases his motions for summary judgment on the premise that no genuine issue of material fact exists and he is entitled to judgment on the complaints as a matter of law because Defendants are precluded by the doctrine of issue preclusion from relitigating the issues involved in these complaints brought under 11 U.S.C. §523(a)(2), (4), and (6). It is well established that the doctrine of issue preclusion applies in dischargeability proceedings. <u>Grogan v. Garner</u>, 498 U.S. 279, 284-85 n. 11 (1991); <u>Wolstein v. Docteroff</u> (<u>In re Docteroff</u>), 133 F.3d 210, 214 (3d Cir. 1997). For a party to be precluded from relitigating an issue based on the doctrine of issue preclusion, the following elements must be present:

(1) the issue sought to be precluded must be the same as the one

>       involved in the prior action; (2) the issue must have been actually
>       litigated; (3) the issue must have been determined by a valid and
>       final judgment; and (4) the determination must have been essential
>       to the prior judgment.

Docteroff, 133 F.3d at 214; In re Ross, 602 F.2d 604, 608 (3d Cir. 1979).

I begin by noting that Defendants do not challenge Plaintiff's assertion that the doctrine of issue preclusion bars them from relitigating the issues involved in these complaints brought under Section 523(a)(2), (4), and (6), and I construe the lack of challenge as Defendants' conceding this point.[1] The only defense proffered by Defendants in opposition to Plaintiff's summary judgment motions is that the portion of the judgment entered by Judge Woodside that awards Plaintiff punitive damages against Defendants must be stricken because, Defendants maintain, Judge Woodside lacked jurisdiction to award punitive damages against them. For the reasons that follow, I reject this argument of Defendants.

I reiterate that Defendants appealed Judge Woodside's July 29, 1996 Memorandum to the District Court, which affirmed Judge Woodside's decision, and then to the Third Circuit Court of Appeals, which also affirmed Judge Woodside's decision. As noted, both of these appeals affirmed Judge Woodside's decision, including that portion of the decision that awarded punitive damages against Defendants and in favor of Plaintiff. Defendants could have questioned, both on appeal and in the original proceeding before Judge Woodside, whether Judge Woodside had jurisdiction to award punitive damages, but they did not do so. Instead, Defendants chose to wait ten years after Judge Woodside's July 29, 1996, decision to attempt to raise the jurisdictional issue. Because Defendants had a full and fair opportunity to raise the

---

1. I shall nonetheless analyze this issue in more detail below.

jurisdictional issue before Judge Woodside, the District Court, and the Third Circuit (but chose not to do so), Defendants may not now collaterally attack Judge Woodside's decision. Billmeyer v. Del Mar News Agency (In re Universal Display & Sign Co.), 541 F.2d 142, 144 (3d Cir.1976)(if defendant had the opportunity to adjudicate all jurisdictional objections before the bankruptcy court in which the defendant appeared, the bankruptcy court's judgment may not be collaterally attacked); In re Trimble Co., 479 F.2d 103, 109 (3d Cir. 1973)("even if the court erred in its assumption that it had jurisdiction to pass upon the claims, its judgment would not be void but only in error and therefore, if not challenged on appeal, it would become final and immune from collateral attack").

Were I to review the merits of Defendants' jurisdictional challenge to Judge Woodside's decision regarding punitive damages, however, I would rule nonetheless that the decision relied upon by Defendants to support their argument, Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178 (9th Cir. 2003), is inapposite because it dealt with a bankruptcy court's authority to award punitive damages under Section 105(a) of the Bankruptcy Code, 11 U.S.C. §105(a), which was not the basis of Judge Woodside's decision to award punitive damages. To the contrary, Judge Woodside's decision to award punitive damages was based upon his application of Pennsylvania law. Not only was Judge Woodside's decision affirmed throughout the appellate process, but Judge Woodside's authority to award punitive damages under Pennsylvania law is supported by Third Circuit precedent. Donaldson v. Bernstein, 104 F.3d 547, 556-57 (3d Cir. 1997). Accordingly, for all of these reasons, I reject Defendants' attempted collateral attack on Judge Woodside's July 29, 1996, decision awarding punitive damages and will grant Plaintiff's motions for summary judgment.

I will analyze, despite Defendants' silence on this defense, whether Defendants are

barred by the doctrine of issue preclusion from relitigating the issues involved in these complaints brought under Section 523(a)(2), (4), and (6).  Turning to a review of Judge Woodside's July 29, 1996, Memorandum, I first note that Judge Woodside found that Defendants were guilty of conversion[2] and actual fraud.[3]  These findings were affirmed on appeal and therefore, they are part of a valid and final judgment.  These findings were also actually litigated and essential to Judge Woodside's judgment.  Because the findings that Defendants committed conversion and fraud are based upon the resolution of issues identical to those presented under Section 523(a)(2)(A), which prevents the discharge of a debt obtained by false pretenses, a false representation, or actual fraud, I find that Defendants are precluded under the doctrine of issue preclusion from relitigating the issue of whether this portion of the debt arose from false pretenses, false representations, or actual fraud.  Docteroff, 133 F.3d at 216-17.  For this reason, I will grant Plaintiff's motions for summary judgment as they relate to the portions of the complaints that seek a determination that the debt in issue is nondischargeable under Section 523(a)(2)(A).

I next address the portions of the complaints that seek a determination that the debt owed by Defendants to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(4), which prevents the discharge of a debt for fraud or defalcation while acting in a fiduciary capacity.  Judge Woodside found that Defendant Philip Courtright breached the fiduciary duty he owed to Advanced Electronics as an officer and director of the corporation, and that Defendant Patricia Courtright breached the fiduciary duty she owed to Advanced Electronics as a de facto officer and director

---

2. Judge Woodside's July 29, 1996 Memorandum at 59-61.

3. Judge Woodside's July 29, 1996 Memorandum at 57, 62, 65, 69-74, and 82-3.

of the corporation.[4]  These findings were affirmed on appeal and therefore, they are part of a valid and final judgment.  These findings were also actually litigated and essential to Judge Woodside's judgment.  Because the findings that Defendants breached the fiduciary duty they owed to Advaced Electronics are based upon the resolution of issues identical to those presented under Section 523(a)(4), I find that Defendants are precluded under the doctrine of issue preclusion from relitigating the issue of whether the debt arose from fraud or defalcation while acting in a fiduciary capacity under Section 523(a)(4).  <u>Docteroff</u>, 133 F.3d at 216-17.  For this reason, I will grant Plaintiff's motions for summary judgment as they relate to the portions of the complaints that seek a determination that the debt in issue is nondischargeable under Section 523(a)(4).

Turning, finally, to the portions of the complaints that seek a determination that the debt owed by Defendants to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(6), which prevents the discharge of a debt for willful and malicious injury, I note that Judge Woodside also found that Defendants' conduct was outrageous (which he defined as malicious, wanton, reckless, willful, or oppressive), and awarded punitive damages against Defendants and in favor of Plaintiff in the amount of $580,098.75.[5]  These findings were affirmed on appeal and therefore, they are part of a valid and final judgment.  These findings were also actually litigated and essential to Judge Woodside's judgment.  I therefore agree with Plaintiff that Judge Woodside's finding that Defendants' conduct was outrageous precludes Defendants, under the doctrine of issue preclusion, from relitigating whether this portion of the debt owed to Plaintiff is for willful and malicious injury by Defendants to another entity or to property of another entity under

---

4. Judge Woodside's July 29, 1996 Memorandum at 55-59.

5. Judge Woodside's July 29, 1996 Memorandum at 73-4, and 83.

7

Section 523(a)(6).  <u>Docteroff</u>, 133 F.3d at 216-17. For this reason, I will grant Plaintiff's motions for summary judgment as they relate to the portions of the complaints that seek a determination that the debt is nondischargeable under Section 523(a)(6).

In conclusion, for all of the foregoing reasons, I find that no genuine issues of material fact exist and that Plaintiff is entitled to summary judgment as a matter of law because Defendants are barred by the doctrine of issue preclusion from relitigating the issues presented in these Complaints brought under Section 523(a)(2), (4), and (6).  Accordingly, I will enter an appropriate Order granting Plaintiff's motions for summary judgment, denying Defendants' cross-motions for summary judgment, and declaring that the debt owed by Defendants to Plaintiff is nondischargeable under Section 523(a)(2), (4), and (6).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| PATRICIA S. COURTRIGHT, | : | Case No. 05-21672REF |
|     *Debtor* | : | Ch. 7 |
| ---------------------------------------- | | |
| JOHN H. DORAN, ESQUIRE, *Trustee in* | : | |
| *Bankruptcy for Advanced Electronics, Inc.,* | : | |
|     *Plaintiff* | : | |
|     *v.* | : | Adv. No. 05-2090 |
| PATRICIA S. COURTRIGHT, | : | |
|     *Defendant* | : | |

| | | |
|---|---|---|
| In re: | : | |
| PHILIP ALAN COURTRIGHT, | : | Case No. 05-21738REF |
|     *Debtor* | : | Ch. 7 |
| ---------------------------------------- | | |
| JOHN H. DORAN, ESQUIRE, *Trustee in* | : | |
| *Bankruptcy for Advanced Electronics, Inc.,* | : | |
|     *Plaintiff* | : | |
|     *v.* | : | Adv. No. 06-2010 |
| PHILIP ALAN COURTRIGHT, | : | |
|     *Defendant* | : | |

| | | |
|---|---|---|
| In re: | : | |
| PHILIP ALAN COURTRIGHT, | : | Case No. 05-21738REF |
|     *Debtor* | : | Ch. 7 |
| ---------------------------------------- | | |
| JOHN H. DORAN, ESQUIRE, *Trustee of* | : | |
| *Advanced Electronics, Inc.,* | : | |
|     *Plaintiff* | : | |
|     *v.* | : | Adv. No. 06-2011 |
| PHILIP ALAN COURTRIGHT, | : | |
|     *Defendant* | : | |

O R D E R

AND NOW, this 27 day of September, 2006, upon my consideration of the

Motions for Summary Judgment filed by Plaintiff, the Responses thereto filed by Defendants, the

Cross-Motions for Summary Judgment filed by Defendants, the Responses thereto filed by

Plaintiff, and the briefs filed by the parties, and based upon the discussion contained in the accompanying Memorandum Opinion,

  IT IS HEREBY ORDERED that Plaintiff's Motions for Summary Judgment are GRANTED.

  IT IS FURTHER ORDERED that Defendants' Cross-Motions for Summary Judgment are DENIED.

  IT IS FURTHER ORDERED that the $1,430,231.66 debt owed by Defendants to Plaintiff is hereby declared to be NONDISCHARGEABLE under Section 523(a)(2), (4), and (6) of the bankruptcy Code, 11 U.S.C. §523(a)(2), (4), and (6).

        BY THE COURT


        _____
        RICHARD E. FEHLING
        United States Bankruptcy Judge